IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                     No. CV 10-0393 BB/WPL
                                                      CR 07-1296 BB

MARTIN SOLIS,

      Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court for consideration of Defendant's response to the order to show cause entered on October 1, 2010. The order directed Defendant to show why his motion under 28 U.S.C. § 2255 should not be dismissed as untimely. As noted in the order, Defendant filed his § 2255 motion on April 21, 2010, almost two years after entry of judgment in the criminal proceeding. He alleges that the government promised but failed to file a motion for reduction of his sentence under the "substantial assistance" provisions of the Sentencing Guidelines. *See* U.S.S.G. § 5K1.1.

In his motion and response to the order to show cause, Defendant invokes rule 35 of the Federal Rules of Criminal Procedure in support of his assertion that his motion is timely under § 2255(f)(2). The terms of rule 35, however, apply only where a defendant provides assistance <u>after</u> sentencing. *See* Fed. R. Crim. P. 35(b)(1), (2). Here, Defendant does not allege that he provided assistance after sentencing. His motion thus fails to demonstrate eligibility for a post-sentencing reduction. Because Defendant does not allege a post-judgment impediment to filing a timely § 2255 motion, the motion states no grounds for relief under rule 35 or § 2255(f)(2).

As previously noted, the applicable one-year limitation period in § 2255 has expired, *see United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000), and Defendant's motion must be dismissed unless he presents grounds for tolling, *see United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec 13, 1999). Defendant's response to the order to show cause fails to demonstrate his entitlement to proceed under § 2255, *see* 28 U.S.C. § 2255 R. 4(b), and the Court will dismiss the motion.

Furthermore, *sua sponte* under rule 11 of the Rules Governing Section 2255 Proceedings, the Court determines that Defendant has failed to make a substantial showing of denial of a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 135) filed on April 21, 2010, is DISMISSED with prejudice as untimely filed;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE